FILED BY ____ D.C.
05 AUG 24  AM 11:50
THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| DEDDRICK CAMPBELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 03-2789BV |
| | ) | |
| CCL CUSTOM MANUFACTURING, INC., | ) | |
| STEVE SHUTLER, TED MELLINGER, | ) | |
| ROGER BOSS, and CATHY | ) | |
| REGENWETHER, | ) | |
| | ) | |
| Defendants. | ) | |

ORDER ON PLAINTIFF'S MOTION FOR CONTINUANCE, PLAINTIFF'S SECOND
MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND RESPONSES TO
INTERROGATORIES, AND DEFENDANT'S MOTION TO STAY THE DISPOSITIVE
MOTION DEADLINE

Before the court are the August 4, 2005 motions of the plaintiff, Deddrick Campbell, to (a) continue the trial of this case, or, in the alternative, to enlarge the discovery period, and (b) to compel the defendants to respond more fully to his discovery requests and for attorney fees and expenses in bringing the motion to compel. Both motions of the plaintiff arise out of two issues that the plaintiff contends were not adequately disclosed during discovery: (1) the defendants' reasons for reducing plaintiff's overtime; and (2) a training manual used by the defendants' safety supervisor at the Memphis plant to educate employees on harassment and drug testing. The defendants oppose the continuance and oppose

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on 8-24-05

(49)

the motion to compel and request for attorney fees. The defendants insist that they have fully responded to the plaintiff's discovery requests and that they should be awarded fees for having to respond to the motion to compel.

Also before the court is the August 19, 2005 motion of the defendants, CCL Custom Manufacturing, Inc., Steve Shutler, Ted Mellinger, Roger Boss, and Cathy Regenwether, to stay the current deadline for filing dispositive motions for ten days from entry of an order denying the plaintiff's pending motions to continue and to compel or for thirty days from any new discovery deadline should the court grant the plaintiff's motion to continue.

All the motions were referred to the United States Magistrate Judge for determination. For the reasons that follow, the motion to continue is denied, the motion to compel is denied, the request for fees and expenses is denied, and the motion to stay the dispositive motion deadline is granted.

The plaintiff filed this case nearly two years ago in state court. It was removed to federal court in October of 2002. On several occasions, the scheduling order has been amended and the time for discovery enlarged. Most recently, by order dated June 16, 2005, the court extended the discovery deadline to July 29, 2005.

The plaintiff now contends that he learned critical facts

2

during the depositions on July 28 and 29, 2005, of Janet Taylor, the human resources manager of the Memphis CCL plant, and Kathy Regenwether, the safety, training and security supervisor of the Memphis CCL plaint, which information had been requested in previously propounded discovery.  Specifically, the plaintiff claims that he learned for the first time that CCL had lost a large portion of one its production lines because Unilever withdrew its business from CCL's Memphis plant during the last quarter of 2002 necessitating a reduction of overtime for employees in the plant, and, in particular, "compounders," which was the plaintiff's job classification.  Secondly, he claims that for the first time he learned of the existence of a training packet, in addition to the previously produced hourly employee handbook and the manager/supervisor handbook, used by Regenwether to educate employees and managers about CCL's anti-harassment policy and drug-testing policy.  The plaintiff claims these two items of information were responsive to interrogatories Nos. 1, 2, 7, 10 and 13 and Requests Nos. 4, 7, 8, 12, 14, 21, 22, and 25.  As a result, the plaintiff seeks an enlargement of time, to allow him "to develop his case."

The defendants refute the plaintiff's contention that they have not previously provided the plaintiff with an explanation of the plaintiff's loss of overtime - a loss of business - on several

3

occasions, specifically, their response to the Tennessee Human Rights Commission, computer generated logs of overtime bearing Bates Nos. 33-67, plaintiff's union grievance concerning loss of overtime, and the deposition testimony of John Ahrendt, the defendant's Rule 30(b)(6) witness.  In addition, the defendants have satisfactorily explained to the court that the training "packet" consists of the Salaried Employee Handbook, which is not relevant to this case because the plaintiff was not a salaried employee, and a pamphlet entitled "Preventing Workplace Sexual Harassment" which is also not relevant to this case because there are no allegations of sexual harassment.

It is well-settled that the Federal Rules of Civil Procedure are liberally construed to permit the amendment of pleadings, the addition of parties, and to generally control the progress of the litigation.  *See e.g., Bradford v. Dana Corporation*, 249 F.3d 807, 809 (8th Cir. 2001).  However, scheduling and case management orders are subject to "a less forgiving standard."  *Id*.  Rule 16(b) of the Federal Rules of Civil Procedure provides that "[a] schedule shall not be modified except upon a showing of good cause and by leave of the district judge."  Consequently, the burden is upon the moving party to establish a good cause justification for the amendment of a scheduling order.  *Id*.  Once this showing is made, the district court must exercise its discretion as to whether to

4

grant the motion. *Id.*

Here, the court finds that the plaintiff has failed to establish good cause to grant a continuance or to enlarge the period of discovery. Neither of the facts which form the basis of the plaintiff's request are "newly discovered." Nor has the plaintiff demonstrated what additional discovery, if any, is needed. After nearly two years of litigation, the defendants are entitled to have this case move forward toward a disposition. Because the plaintiff has failed to show good cause, his motion for leave to amend the Rule 16(b) scheduling order to permit further discovery and to continue the trial is denied. The motion to compel is denied as the court finds that the defendant has complied with the requests. Each side is to bear its own fees and expenses.

The dispositive motion is extended for twenty days, up to and including, Monday, September 12, 2005. The requests for a hearing on the motions are denied.

IT IS SO ORDERED this 23rd day of August, 2005.

　　　　　　　　　　　　　　　　/s/ Diane K. Vescovo
　　　　　　　　　　　　　　　　DIANE K. VESCOVO
　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

5

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 49 in case 2:03-CV-02789 was distributed by fax, mail, or direct printing on August 24, 2005 to the parties listed.

---

Charles W. Cavagnaro
BOWLING & BOWLING
7936 Players Forest Dr.
Memphis, TN 38119

John R. Hershberger
HERSHBERGER PRICE, PLLC
239 Adams Ave.
Memphis, TN 38103

Joseph M. Crout
BOWLING & BOWLING
7936 Players Forest Dr.
Memphis, TN 38119

Honorable J. Breen
US DISTRICT COURT