IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

DEDDRICK CAMPBELL,

    Plaintiff,

v.                                                    No. 03-2789

CCL CUSTOM MANUFACTURING INC.,
STEVE SHUTLER, TED MELLINGER,
ROGER BOSS, and CATHY
REGENWETHER,

    Defendants.

___

ORDER OVERRULING PLAINTIFF'S OBJECTIONS
AND AFFIRMING ORDER OF THE MAGISTRATE JUDGE

___

On August 4, 2005, the Plaintiff, Deddrick Campbell, filed a motion to continue the trial of the instant case, or in the alternative, to enlarge the discovery period, and to compel the Defendants to respond more fully to prior discovery requests. In addition, Plaintiff moved for a hearing on his motion and an award of attorney's fees and expenses for costs incurred in bringing this and one previous motion to compel.[1] On August 19, 2005, the Defendants, CCL Custom Manufacturing, Inc., Steve Shutler, Ted Mellinger, Roger Boss, and Cathy Regenwether filed a motion to stay the current dispositive motion deadline for ten days following the denial of Plaintiff's motion or for thirty days following any new discovery deadline established by the Court should Plaintiff's motion be granted. Both motions were referred by the Court to

___

[1] Plaintiff previously filed a motion to compel and for reasonable expenses, including attorney's fees, on December 1, 2004. Magistrate Judge Diane K. Vescovo entered an order on December 15, 2004 granting the motion to compel but denying Plaintiff's request for expenses.

Magistrate Judge Diane K. Vescovo for disposition. In an order entered August 24, 2005, Magistrate Judge Vescovo denied Plaintiff's motion and stayed the dispositive motion deadline for twenty (20) days following the entry of the order. On September 14, 2005, Campbell filed an objection to the magistrate judge's order, or alternatively a request for reconsideration, to which the Defendants have responded.[2]

As a preliminary matter, the Court notes that, included in his objections to the magistrate judge's order, Plaintiff requests a hearing on this motion. Because the issues are thoroughly addressed in the memoranda provided to the Court, the Court DENIES Plaintiff's request for a oral argument. International Surplus Lines Ins. Co. v. Certain Underwriters and Underwriting Syndicates at Lloyd's of London, 868 F.Supp. 923, 929 (S.D.Ohio 1994).

Pursuant to Rule 72 of the Federal Rules of Civil Procedure, upon the filing of objections, the district court judge is to "consider such objections and . . . modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." FED. R. CIV. P. 72(a). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." U.S. v. U.S. Gypsum Co., 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed 746 (1948).

In his pleadings, Campbell contends that Defendants did not adequately disclose

---

[2] The Court notes that both the Plaintiff and Defendants have filed supplemental responses. The Local Rules of this district do not provide for the filing of responsive pleadings beyond the initial response. In light of the failure of the parties to obtain the Court's permission to make such filings, the Supplemental Responses will not be considered by the Court.

2

information requested during discovery and, as a result, he did not learn critical facts until depositions held during the last two days of the discovery period. In particular, Campbell faults Defendants' disclosure of information relating to two specific issues of importance to his case: (1) that CLL reduced overtime for its employees in the Memphis plant in the last quarter of 2002 because Unilever withdrew its business resulting in the loss of a large portion of one of CCL's production lines; and (2) the existence of a training packet, in addition to previously disclosed materials, used by CCL's safety supervisor at the Memphis facility to inform employees and managers about the Defendants' anti-harassment and drug testing policies. Plaintiff contends that he discovered this information "for the first time" during the depositions of Janet Taylor and Kathy Regenwether on July 28, 2005 and July 29, 2005 respectively. Based on these allegations, Plaintiff requested that the Court grant either an enlargement of discovery or a continuance of the trial date, and in addition, compel Defendants to provide "revised responses to the aforementioned discovery."[3]

Magistrate Judge Vescovo denied Plaintiff's motion to compel on the basis that Defendant had previously provided Plaintiff with the requested information. In particular, the magistrate judge found that an explanation for the loss of Plaintiff's overtime was included in Defendants' response to the Tennessee Human Rights Commission; computer generated logs of

---

[3] Plaintiff argues in his objections that the Magistrate Judge erred in limiting the order to the two discovery issues presented in Campbell's motion to compel because "these are not the only examples of information that Plaintiff believes to be withheld from written discovery responses." However, because Plaintiff limited his motion to "the aforementioned discovery," namely Defendant's reasons for reducing overtime and the contents of the training packet, Magistrate Judge Vescovo properly limited the order to those matters. (Pl.'s Obj. at 6.) Plaintiff may not raise issues in his objections to the magistrate judge's order that were not contained in the motion under consideration.

3

overtime bearing Bates Nos. 33-67; Plaintiff's union grievance concerning loss of overtime; and the deposition testimony of John Ahrendt, the Defendant's Rule 30(b)(6) witness. (Order at 4.) While there is some dispute regarding when, and in what format, these materials were disclosed, Plaintiff concedes that, at the latest, he was in receipt of the documentary materials on March 31, 2005, approximately four months before the close of discovery.[4] (Pl.'s Supp. Mem. at 7.)

In regard to the training materials, Magistrate Judge Vescovo determined that Defendant provided a satisfactory explanation that the "packet" referred to by Plaintiff included the Salaried Employee Handbook and a pamphlet entitled "Preventing Workplace Sexual Harassment." (Order at 4; Def.'s Resp. Pl.'s Mot. Ex. 4 "Regenwether Aff." ¶ 3.) As the instant employment discrimination action was brought by a hourly employee on the basis of race, neither of the referenced documents are relevant. Further, as Defendants included the documents with their response to Plaintiff's motion, no order to compel their production is necessary.

Federal Rule of Civil Procedure16(b) provides that "[a] schedule shall not be modified except upon a showing of good cause and by leave of the district judge." FED. R. CIV. P. 16(b). Because Plaintiff failed to establish that the information forming the basis for his motion to enlarge the discovery period or for a continuance was, in fact, discovered "for the first time" at the close of discovery and because Plaintiff did not identify what, if any, additional discovery was necessary, the magistrate judge concluded that Plaintiff failed to establish good cause. Order at 5; see also West American Ins. Co. v. Potts, 908 F.2d 974, **2 (6th Cir. 1990) (noting that the burden of establishing good cause for the extension of discovery is on the moving party).

---

[4] The deposition of John Ahrendt occurred on May 17, 2005.

4

Upon a review of the pleadings and the magistrate judge's order, the Court finds that the determination of the magistrate judge was not clearly erroneous or contrary to law. Accordingly, the order of the magistrate judge is hereby AFFIRMED.

IT IS SO ORDERED this 28 day of October, 2005.

J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 60 in case 2:03-CV-02789 was distributed by fax, mail, or direct printing on October 25, 2005 to the parties listed.

---

John R. Hershberger
HERSHBERGER PRICE, PLLC
239 Adams Ave.
Memphis, TN 38103

Joseph M. Crout
BOWLING & BOWLING
7936 Players Forest Dr.
Memphis, TN 38119

Charles W. Cavagnaro
BOWLING & BOWLING
7936 Players Forest Dr.
Memphis, TN 38119

Honorable J. Breen
US DISTRICT COURT